RASCOE v. MYRE.    (No. 1936.)

(Court of Civil Appeals of Texas. Texarkana. March 7, 1918.)

1. COURTS ⬤⟲122 — DISTRICT COURT — JURISDICTIONAL AMOUNT—ALLEGATION.

In suit to rescind contract for the purchase of land and to recover the amount paid as part of the price, though the undisputed evidence showed such part was only $400, the petition alleging it was $500, the sum sued for was within the jurisdiction of the district court.

2. JUDGMENT ⬤⟲253(2)—SUPPORT BY PLEADINGS—ATTORNEY'S FEES.

In suit to rescind contract for the purchase of land and to recover the amount paid as part of the price, judgment allowing $58.65 as attorney's fees, when there is neither pleading nor proof that any such fees were contracted for, is excessive.

3. VENDOR AND PURCHASER ⬤⟲341(5) — RESCISSION BY PURCHASER—MEASURE OF DAMAGES.

In suit to rescind contract to purchase land and recover amount paid, measure of recovery is the sum which plaintiff paid for the land, with 6 per cent. interest from the date of payment.

Appeal from District Court, Rockwall County; Kenneth Foree, Judge.

Suit by W. L. Myre against J. S. Rascoe. From a judgment for plaintiff, defendant appeals. Judgment reformed and affirmed.

A. H. Mount, of Dallas, and H. D. Stinson, of Royse City, for appellant. H. M. Wade, of Rockwall, for appellee.

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HODGES, J. In January, 1912, the parties to this suit entered into the following written contract:

"The State of Texas, County of Rockwall.

"This instrument witnesseth: That J. S. Rascoe has this day conveyed to W. L. Myre the following lot of land: 25½ ft. off the east side of lot No. 33 and 14½ ft. off the west side of lot No. 34 in block E of the town of Royse City, Tex., reciting a consideration of $1,000.00 in cash; and whereas the $1,000.00 has not been paid in cash, there being only $400.00 cash paid and the remaining $600.00 to be paid as follows: That said W. L. Myre covenants and agrees that within six months from this date he will erect a one-story, 40 by 70 ft. brick store building on the said lot, with walls 16 ft. in height and 13 in. in thickness, and as soon as the same is erected shall convey, by general warranty deed, a one-half undivided interest in the side walls to J. S. Rascoe. This deed this day executed by J. S. Rascoe and wife to W. L. Myre for the above-described lot is delivered in escrow to A. H. Mount, who shall hold the same until said building is begun and W. L. Myre has executed said deed. And if the said W. L. Myre should fail to erect said building and execute said deed, the deed is to be returned to J. S. Rascoe and this conveyance to be void."

The evidence shows that Myre at that time held a note against a third party for the sum of $500, and accrued interest, on which the appellant, Rascoe, was a surety. Myre surrendered the note to Rascoe, and the latter paid the difference between its face value and the stipulated $400. In that way the cash consideration mentioned in the contract was paid. It also appeared from the evidence that there was a frame building situated on the lot described in the contract, which belonged to Rascoe, and which the latter had agreed to remove in order that Myre might erect the brick building contemplated. This building was not removed until some time in 1915, for the reason, as stated by Rascoe, that he did not believe that Myre was able to carry out his contract to build. Shortly after the expiration of the time limit in July, 1912, Rascoe took from the possession of Mount the deed which he had previously deposited in escrow. No brick building was ever erected upon the premises in question. In 1915 the appellee filed a suit, in which he sought a recovery of the land, and also damages for breach of the contract. In September, 1916, he filed an amended original petition, upon which the case was tried in the court below.

The judgment recites that the parties appeared and the case was submitted to the court without a jury; that the plaintiff had abandoned his cause of action as pleaded, "so far as the trespass to try title was concerned, and that feature claiming specific performance relying solely upon the note delivered to defendant in payment for the land." A judgment was rendered in favor of the appellee for the sum of $586.75 together with $58.65 as attorney's fees.

[1-3] In this appeal the appellant urges that the court erred in refusing to sustain special exceptions to the petition upon the ground that it appeared therefrom that the cause of action was barred by the statutes of limitation. An examination of the petition does not justify that contention. While it may be that the plaintiff's cause of action arose more than two years prior to the filing of the suit, that fact is not made evident by his averments. After the elimination of that part of the plaintiff's pleading in which he sought a recovery of the land, the suit, we think, should be treated as one to rescind the contract and recover the amount which had been paid as a part of the purchase price of the land. While the undisputed evidence shows that this was only $400, the petition alleges that it was $500; hence the sum sued for was within the jurisdiction of the district court. We have concluded, however, to sustain that assignment of error which complains that the judgment is excessive. It is for an amount not warranted by the pleadings. The court allows $58.65 as attorney's fees, when there is neither pleading nor proof that any attorney's fees were contracted for. The measure of the plaintiff's right of recovery in this instance is the sum which he paid for the land, together with 6 per cent. interest thereon from the date of payment; and the judgment will be reformed accordingly. While there is a prayer for damages, there are no facts tending to show that the appellee sustained any damages beyond the sum which he paid as a part of the purchase price for the land.

The costs of this appeal will be adjudged against the appellee.